**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>Western United Nurseries, Inc.,<br><br>    Debtor,<br>_____<br><br>In re:<br><br>Western Group Nurseries, Inc.,<br><br>    Debtor,<br>_____<br><br>Western Group Nurseries, Inc.,<br><br>    Plaintiff,<br><br>v.<br><br>Estate of Richard R. Adams, et al.,<br><br>    Defendants.<br>_____ | No. MC 96-0081-PHX-SMM<br>No. MC 96-0082-PHX-PGR (consolidated)<br>No. MC 96-0083-PHX-SMM (consolidated)<br><br>Br. No. 92-3004-PHX-GBN<br>Br. No. 92-3005-PHX-RGM<br>(jointly administered under 92-3004)<br><br>Adv. No. 94-126<br>Adv. No. 94-185<br>Adv. No. 94-813<br><br>**ORDER** |

    Before the Court is Defendant Charles L. Leemon's ("Leemon") Rule 52(b) and 59(e) Motion for Amendment of the Judgment and for a New Trial (Dkt. 65). Plaintiff Western Group Nurseries, Inc. ("Western") filed a Response (Dkt. 68), to which Leemon filed a reply (Dkt. 69). Also before the Court is Leemon's Rule 62(b) Motion to Stay Execution of the Judgment (Dkt. 70), which has similarly been fully briefed (see Dkts. 74, 75). Having considered the parties' briefs and arguments, the Court now issues this Order.

## BACKGROUND[1]

On July 3, 2000, the Court issued and Order resolving these consolidated matters, concluding that Western's claims were barred by the statute of limitations. (Dkt. 23.) Western then filed a motion for reconsideration (Dkt. 25), informing the Court that it had initiated suit against Leemon before suing the other Defendants. The Court granted Western's motion for reconsideration as to Leemon and adopted the bankruptcy court's Proposed Findings of Fact and Conclusions of Law in Adversary Number 94-813 except as to the award of attorney's fees. (Dkt. 57, Order dated Sept. 14, 2007.) The Court remanded the case to the bankruptcy court for additional inquiry into whether Western is entitled to an award of attorney's fees under Arizona law. (Id.)

The Court subsequently granted judgment in favor of Western in "the sum of $130,000.00 plus interest at the rate of 9% compounded semi-annually from December 4, 1986 until the date of judgment," less certain credits. (Dkt. 59, Order dated Sept. 27, 2007.) Any award of attorney's fees was to be the subject of a separate judgment and after further proceedings. (Id.)

Leemon then filed this motion, asserting that the Court committed clear error with regard to the rate of prejudgment interest and its decision to apply Arizona law to Western's request for attorney's fees. (Dkt. 65.) Leemon further asserts that, based on a decision from the Eleventh Circuit involving Western and the same controlling documents, principles of judicial estoppel preclude the entering of summary judgment in Western's favor. (Id.) Western disputes each of Leemon's contentions.

## STANDARD OF REVIEW

On a party's motion filed no later than ten days after entry of judgment, a court to amend its findings or make additional findings and amend the judgment accordingly. Fed. R. Civ. P. 52(b). The motion may accompany a motion for a new trial under Rule 59. Id.

---

[1] The factual background to this matter is set forth in the Order dated September 14, 2007 (Dkt. 57).

Rule 59(e) permits a party to file a motion to alter or amend a judgment no later than ten days after the entry of the judgment. Id. at 59(e). A Rule 59(e) motion "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." McDowell v. Calderon, 197 F.3d 1253, 1255 (9th Cir. 1999) (citations omitted). Rule 59(e) offers an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources," and "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir. 2003).

## DISCUSSION

Leemon asserts that the Order dated September 14, 2007 contains several errors. First, the Court erred by awarding prejudgment interest at a rate of 9% compounded semi-annually, rather than annually. (Def.'s Mot. at 5-6.) Second, the Court should have applied the federal rate to its award of prejudgment interest, rather than the rate provided by New York state law. (Id. at 6-8.) Third, no justification exists for the Court's decision to apply Arizona law to the application for attorney's fees while applying New York law for the amount of prejudgment interest. (Id. at 9-10.) Fourth and finally, the summary judgment entered in favor of Western should be vacated based on principles of judicial estoppel. (Id. at 10-14.) The Court will address each of these contentions in turn.[2]

//
//

---

[2] The Court notes that Western's notice of appeal does not deprive the Court of jurisdiction to decide Leemon's motion. Fed. R. App. P. 4(a)(4)(B)(i); see also Leader Nat'l Ins. Co. v. Indus. Indem. Ins. Co., 19 F.3d 444, 445 (9th Cir. 1994) ("A notice of appeal filed while a [Rule 59] motion is pending is no longer a nullity, but, rather, is merely held in abeyance until the motion is resolved."). Western's citation to contrary law is unavailing as the case cited is clearly no longer good law. (See Pl.'s Resp. at 2-3) (citing Smith v. Lujan, 588 F.2d 1304, 1307 (9th Cir. 1979), superceded by rule as stated in Miller v. Marriott Int'l, Inc., 300 F.3d 1061, 1064 n.1 (9th Cir. 2002).)

**A. Compounding of Interest**

The Order dated September 14, 2007 agreed with the bankruptcy court's reasoning that, since this matter was based on state law, the New York prejudgment interest rate applies. (Dkt. 57, Order dated Sept. 14, 2007, at 14.) The awarding of prejudgment interest in New York is governed by statute. See N.Y. C.P.L.R. § 5001 (McKinney 2007). "Interest shall be at the rate of nine per centum per annum, except where otherwise provided by statute." Id. at § 5004. But when a contract provides for a specific rate of interest to be paid until the principal is paid, the contract rate governs until payment of the principal or until the contract is merged in a judgment. Agriculver Profit Sharing Plan v. Dryden Mut. Ins. Co., 535 N.Y.S.2d 797, 814 (N.Y. App. Div. 1988). The Order granting judgment in favor of Western set prejudgment interest "at the rate of 9% compounded *semi-annually* from December 4, 1986 until the date of judgment." (Dkt. 59, Order dated Sept. 26, 2007 (emphasis added).)

Leemon contends that the Court committed clear error when it provided for interest to compound semi-annually and seeks to amend the judgment to provide for annual compounding of interest. (Def.'s Mot. at 5-6.) Western counters that semi-annual compounding is appropriate because it had previously raised the issue in this Court and the bankruptcy court, and because interest compounding semi-annually had been awarded in a separate case. (Pl.'s Resp. at 5-6.) Western further contends that a contract rate of interest applies under New York law, and that the Security Agreement provided for 9% interest compounding semi-annually. (Id. at 6-7.) In reply, Leemon notes that the Order dated September 14, 2007 refers to the "New York prejudgment interest rate" and that neither the bankruptcy court nor this Court's rulings reference a "contract rate." (Def.'s Reply at 5-6.)

The Court finds that it erred in providing for interest to compound semi-annually. The Order dated September 14, 2007 contains no reference to the contract rate provided for in the Security Agreement. (See Dkt. 57 at 14.) Western argues that it has "continuously advocated" for semi-annual compounding, but neither this Court nor the bankruptcy court adopted the contract rate argument. (Pl.'s Resp. at 6.) Western also refers to a related case

- 4 -

1 in which the Court granted judgment with interest compounding semi-annually. (Pl.'s Resp.
2 at 6 (citing 97-mc-00021-SMM, Dkt. 5.)  As Western does not point to any reasoning in that
3 case for the award of interest compounding semi-annually, Western's notation provides little
4 support for its position.  In light of the Court's reference to the New York prejudgment
5 interest rate, and the lack of reference to the contract rate, Western's argument fails.
6 Leemon's motion to amend the judgment to provide for interest in the amount of 9%
7 compounded annually is granted.

### B. Application of the Federal Interest Rate

9 Leemon also seeks to amend the judgment to provide for interest at the federal rate of
10 4.11% rather than the New York rate of 9%.  The Court previously considered and rejected
11 this argument. (Dkt. 57, Order dated Sept. 14, 2007 at 14.)  A motion for reconsideration
12 may not be used to ask the Court "to rethink what [it] had already thought through—rightly
13 or wrongly." Defenders of Wildlife v. Ballard, 73 F. Supp. 2d 1094, 1115 (D. Ariz. 1999)
14 (citations omitted).  As Leemon notes, the Court has "broad discretion" over the rate of
15 prejudgment interest in a non-diversity case. (Def.'s Mot. at 6 (citing W. Pac. Fisheries, Inv.
16 v. SS President Grant, 730 F.2d 1280, 1288 (9th Cir. 1984).)  Having exercised that
17 discretion, the Court will not rethink what it has already thought through.  Leemon's motion
18 to amend the judgment to apply the federal interest rate is denied.

### C. Choice of Law Regarding Attorney's Fees

20 Leemon asserts that the Court erred in failing to adopt the bankruptcy court's finding
21 that New York law, rather than Arizona law, controls the issue of attorney's fees.  Leemon
22 contends that, because attorney's fees and prejudgment interest are both substantive issues, it
23 would be illogical for New York law to apply to one and Arizona law to the other. (Def.'s
24 Mot. at 9.)

25 Leemon misconstrues the result of the September 14, 2007 Order when he represents
26 it as holding that "Arizona law would be applied to the issue of attorney's fees." (Def.'s
27 Reply at 8.)  Rather, that Order found that "it is unclear from the record which law should
28 govern the attorneys' fees inquiry." (Dkt. 57, Order dated Sept. 14, 2007 at 15.)  Thus the

1 Court remanded the attorney's fees inquiry back to the bankruptcy court. (Id.) Similarly,
2 the judgment which Leemon seeks to amend explicitly reserves the issue of attorney's fees.
3 (Dkt. 59, Order dated Sept. 26, 2007 ("[A]ny award of attorneys' fees and costs shall be the
4 subject of a separate judgment, after further proceedings.").) Therefore Leemon's motion on
5 this point is improper because it is premature.

### D. Intervening Change in Law and Judicial Estoppel

Leemon's final assertion is that the summary judgment entered in favor of Western should be vacated because of an intervening change in the law. (Def.'s Mot. at 10-14.) Leemon also contends that principles of judicial estoppel prevent Western from asserting legal arguments in this case that are inconsistent with arguments asserted in Western Group Nursuries, Inc. v. Ergas, 167 F.3d 1354 (11th Cir. 1999). Specifically, that Western cannot assert in this case that the Security Agreement is clear and unambiguous and support entry of summary judgment, after maintaining in Ergas that ambiguity in the Security Agreement created a question of fact and prevented entry of summary judgment. Western responds that the parties presented this Court with briefs regarding the Ergas decision in 1999, and thus it cannot be considered an intervening change in the law. (Pl.'s Resp. at 12.)

Leemon incorrectly asserts that the Ergas decision provides grounds to alter or amend the judgment under Rule 59(e). Rule 59(e) allows for relief if "there is an intervening change in *controlling* law." McDowell, 197 F.3d at 1255 (emphasis added). As a decision from the Eleventh Circuit, Ergas is not a "controlling" decision on this Court, and therefore is not grounds for a Rule 59(e) motion. Cf. Quinones-Ruiz v. United States, 873 F. Supp. 359, 362 (S.D. Cal. 1995) ("[Ninth Circuit case] which came to the court's attention after oral argument on the prior motion, was such a change.") However, the Court will address Leemon's related argument that Western should be judicially estopped from asserting that the Security Agreement is not ambiguous and can be interpreted as a matter of law. (Def.'s Mot. at 12.)

"Judicial estoppel is an equitable doctrine that prevents a party from gaining an advantage by asserting one position, and then later seeking an advantage by taking a clearly

1 inconsistent position." Hamilton v. State Farm Fire & Cas. Co., 270 F.3d 778, 782 (9th Cir.
2 2001). The Supreme Court has identified three factors which a court may consider in
3 determining whether to apply judicial estoppel: (1) whether a party's later position is
4 "clearly inconsistent" with its earlier position; (2) whether the party has succeeded in
5 persuading a court to accept that party's earlier position; and (3) whether the party seeking
6 to assert an inconsistent position would derive an unfair advantage or impose an unfair
7 detriment on the opposing party if not estopped. New Hampshire v. Maine, 532 U.S. 742,
8 750-51 (2001). As an equitable doctrine, judicial estoppel is a matter within a court's
9 discretion. Russell v. Rolfs, 893 F.2d 1033, 1037 (9th Cir. 1990). "Additional
10 considerations may inform the doctrine's application in specific factual contexts." New
11 Hampshire, 532 U.S. at 751.

12 Leemon's argument in favor of judicial estoppel is not without support. Having
13 successfully asserted in Ergas that the Security Agreement was ambiguous, Western now
14 seeks to uphold summary judgment when the Court found the contract to be clear and
15 unambiguous. Compare Ergas, 167 F.3d at 1360 with Dkt. 57, Order dated Sept. 14, 2007 at
16 11. However, the Court finds that considerations other than the three factors "inform the
17 doctrine's application." New Hampshire, 532 U.S. at 751.

18 Leemon contends that he could not have raised judicial estoppel earlier because Ergas
19 was decided after the deadline passed for filing objections to the bankruptcy court's
20 Proposed Findings of Fact and Conclusions of Law. (Def.'s Mot. at 14; Def.'s Reply at 9.)
21 But Leemon fails to address the fact that the parties brought the Ergas decision to the
22 Court's attention prior to the Court's order granting summary judgment. (See Dkt. 17,
23 Notice of Decision.) Leemon responded to the Notice of Decision, but failed to raise the
24 issue of judicial estoppel at that time. (See Dkt. 18, Response to Pl.'s Notice of Decision.)
25 Thus, Leemon seeks to raise arguments that "could reasonably have been raised earlier in
26 the litigation." Carroll, 342 F.3d at 945. The Court therefore declines to exercise its
27 discretion to invoke the doctrine of judicial estoppel. As judicial estoppel provides the only
28 grounds for Leemon's request for a new trial, that request is denied.

**CONCLUSION**

The Court finds that it erred in entering a judgment which provided for interest to compound semi-annually, and Leemon's motion to amend the judgment is granted as to that issue. Leemon's request that the judgment be amended to provide for the federal interest rate is not properly the subject of a Rule 59(e) motion and is denied. The matter of attorney's fees having been remanded to the bankruptcy court for further consideration of the applicable law, Leemon's request to amend the judgment with regard to attorney's fees is denied as premature. The Court declines to invoke the doctrine of judicial estoppel as that issue could have been raised earlier in the litigation, and Leemon's request for a new trial is denied.

Having decided Leemon's motion to amend the judgment, Leemon's motion to stay execution of the judgment pending the Court's disposition of the motion to amend (Dkt. 70) is denied as moot.

Accordingly,

**IT IS HEREBY ORDERED** granting in part and denying in part Defendant Leemon's Rule 52(b) and 59(e) Motion for Amendment of the Judgment and for a New Trial (Dkt. 65). An amended order of judgment shall be forthcoming.

**IT IS FURTHER ORDERED** denying as moot Defendant Leemon's motion to stay execution of the judgment (Dkt. 70).

DATED this 9th day of January, 2008.

Stephen M. McNamee
United States District Judge